**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CRIM. NO.  02-10013-WGY |
| ) | |
| vs.   ) | |
| ) | |
| **RICHARD COLVIN REID,** ) | |
| **a/k/a ABDUL-RAHEEM,** ) | |
| **a/k/a ABDUL RAHEEM, ABU IBRAHIM** ) | |
| ) | |
| **Defendant.**   ) | |

### GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby respectfully moves this Court, pursuant to Fed. R. Crim. P. 16(d)(1), to issue a Protective Order, in the form attached hereto, regarding certain materials which have been or may be produced by the government in this case.

### I.   BACKGROUND

Under cover letters dated February 20, May 17 and May 29, 2002, the government produced certain discovery materials originally created by the Federal Aviation Administration ("FAA") and the Transportation Security Administration ("TSA").[1]  Those

---

[1]  TSA was created by the Aviation and Transportation Security Act, ("ATSA"), Pub. L. No. 107-71, Nov. 19, 2001.  Under ATSA, the Under Secretary of Transportation for Security has assumed those duties and responsibilities for carrying out Chapter 449 of title 49, United States Code, relating to civil aviation security that were formerly held by the Administrator of the Federal Aviation Administration.  See 49 U.S.C. § 44901 et seq.  The TSA is now explicitly mandated to prescribe policies

materials were variously identified with Bates ranges 00145-00152, 00895-00950 and 00957-00986.  At the time of their production, certain of those materials, including without limitation Bates 00947-00950 and 00967-00972, were identified by written warning as Sensitive Security Information ("SSI") by the originating agency.  In addition, although not so marked, Bates 00146-00152 also constitute SSI.  (See Declaration of Stephen J. McHale, attached hereto as Exhibit 1.)  Handling of SSI is regulated by various statutory and regulatory provisions.  (See id.)  As further set forth in Exhibit 1 and below, SSI cannot by TSA regulation be provided to Reid himself.

In addition, since the date of their production, the discovery materials identified as Bates 00895-00950, 00970 and 00974 have been properly marked as classified by TSA, an authorized classifying agency.  (See id.)  The May 17 and 29 cover letters, under which these materials were produced, should likewise be treated similarly.  When these materials were produced, some were marked as SSI but none were marked as classified.  Because defense counsel do not currently hold any security clearance, they have indicated that they would honor the government's written request for the return of these materials.

---

and regulations to protect persons and property on an aircraft operating in air transportation against acts of criminal violence or air piracy.  49 U.S.C. § 44903 et seq.  See also Public Citizen, Inc. v. FAA, 988 F.2d 186 (D.C. Cir. 1993) (describing the prior statutory regime in part and FAA practice thereunder).

Indeed, defense counsel have returned most of the copies of these materials and are diligently undertaking to ensure that all such copies are likewise returned.  The government continues to believe that these materials are properly discoverable and intends to produce them to defense counsel in an appropriate form and by an appropriate procedure as soon as practicable.

The government now seeks appropriate protection by way of a Protective Order regarding defense counsel's dissemination of the SSI in their possession, any SSI which might be produced by the government in the future and the classified information which they have stated they intend to return, in the form attached hereto, preventing defense counsel from disclosing the contents or substance of the classified materials and provisionally restricting defense counsel's use and dissemination of the SSI.

## II.  DISCUSSION

### A.  SSI Materials

SSI is subject to a statutory and regulatory scheme for protection.  In particular, TSA statutes require "the Under Secretary [to] prescribe regulations prohibiting disclosure of information obtained or developed in carrying out security or research and development activities," under certain circumstances, "if the Under Secretary decides disclosing the information would" "be detrimental to the safety of passengers in

transportation."  49 U.S.C. §40119(b)(1).

Among the promulgated regulations is 49 C.F.R. §1520.7, entitled "Sensitive security information."  Categories of information that constitute SSI include without limitation certain technical specifications for detection devices, details of investigations, identities of investigating agents and vulnerability assessments completed by TSA.  See generally 49 C.F.R. §1520.7 (outlining categories of SSI).

The regulations further limit the disclosure of SSI to those with a specifically designated "[n]eed to know." Id. §1520.5(b). A person has a "[n]eed to know" SSI when the person needs the information: (1) to carry out Department of Transportation ("DOT")-approved or directed security duties, or to train for such duties; (2) to manage or supervise persons carrying out such duties; (3) to advise certain persons regarding DOT security-related requirements; or (4) to represent and advise airport and aircraft operators, contractors, or persons who receive SSI in connection with any judicial or administration proceeding.  Id. For some specific security information, the Under Secretary may further restrict access.  See id.  The regulations do not authorize disclosure of SSI to civil litigants or criminal defendants and prevent discovery of SSI under FOIA, where appropriate.  See 49 U.S.C. §40119(b).

In this case, the disclosure of any SSI to Reid himself

-4-

could dangerously increase the risk to the traveling public. Certain of the documents in question contain information on security countermeasures. If disclosed to someone with unlawful intentions, this information could assist an aviation hijacker or terrorist in circumventing aviation security procedures intended to protect the traveling public. Moreover, this information could help facilitate a successful terrorist attack on an aircraft by exposing with specificity certain aircraft vulnerabilities. Given the factual allegations underlying the charges in this case, the SSI could aid Reid in future similar acts or allow him to instruct another person in succeeding where he failed. The release of this SSI would thus be "detrimental to the safety to persons traveling in transportation." Id. §1520.3(b)(3).

This concern persists despite the existence of the Court's prior Protective Order and the SAMs. Both restrictions may not endure indefinitely but may be limited to the period of Reid's pretrial detention. Moreover, even with those restrictions in place, Reid is permitted to have contact with certain individuals to whom Reid could transfer the SSI. Those individuals could – innocently and inadvertently – disseminate the SSI to unauthorized persons and the public, prompting widespread disclosure of information which could undermine certain of TSA's security procedures and countermeasures. For example, under his

current conditions of pretrial confinement, Reid could communicate any SSI, if the proposed Protective Order were not granted, to one of the persons on his approved list of contacts. That person, not knowing that he or she acquired SSI, could inadvertently disclose the SSI in a public or otherwise unsecured forum, resulting possibly in uncontrolled dissemination of SSI. Although the SAMs provisions would allow the government, in certain instances, to monitor and be aware of Reid's communication of the SSI to the third person, the government could not prevent it from occurring.  Nor would the government know when or with whom Reid's contacted person subsequently shared the SSI in order to prevent its further dissemination.

The right of FAA, TSA's predecessor agency regarding civil aviation security, to withhold SSI information from the public, where disclosure would be detrimental to the public interest, has been previously recognized under certain circumstances.  See Public Citizen, Inc. v. FAA, 988 F.2d 186, 195-96 (D.C. Cir. 1993) ("hold[ing] that [49 U.S.C. App.] §1357(d)(2) [of the Aviation Security Improvement Act of 1990, substantially reenacted in 49 U.S.C. §40119] allows the FAA to withhold security-sensitive information from members of the public, regardless of the legal basis of the request for the information" even in the absence of a regulation promulgated under that statute).  Cf. Ospina v. Trans World Airlines, Inc., 975 F.2d 35,

36 (2d Cir. 1992) (noting without addressing that trial proceedings regarding SSI information in civil tort action had been closed, transcripts redacted and exhibits sealed).

Information concerning sensitive FAA hijacking profiles has repeatedly been recognized by the courts as deserving of special protection, even from defendants in criminal cases. Defendants have been excluded from suppression hearings when sensitive aviation security information involving hijacker profiles has been discussed. See United States v. Miller, 480 F.2d 1008, 1010 (2d Cir. 1973) (per curiam) (upholding with minimal explanation the trial court's in camera receipt of testimony regarding FAA hijacker profile where witness was cross-examined by defense counsel) (citing Slocum and Bell); United States v. Slocum, 464 F.2d 1180, 1184 (3d Cir. 1972) (holding that in camera proceedings which excluded defendant and all other persons, except for counsel, while taking evidence of the hijacking profile was not reversible error); United States v. Bell, 464 F.2d 667, 669-72 (2d Cir. 1972) (rejecting defendant's Fifth and Sixth Amendment challenges that "he was denied the right to confront the witnesses against him, to the effective assistance of counsel and to the right to a public trial" where court permitted single witness to testify at a suppression hearing outside of defendant's presence but subject to cross examination by defense counsel who was provided, but declined, the

opportunity to consult with defendant at any stage of the proceeding); United States v. Lopez, 328 F. Supp. 1077, 1084 (E.D.N.Y. 1971) (permitting testimony regarding FAA hijacker profile to be taken while defendant was excluded from courtroom because the practice did not violate defendant's Fifth and Sixth Amendment rights to a public trial or to confront witnesses). The court in Lopez also enjoined defense counsel from revealing the profile, id. at 1086, noting that "[t]he danger in revealing the profile is so great as to warrant the public's exclusion for a limited period." Id. at 1088. The court noted as justification for its actions that, "[w]ere even one characteristic of the 'profile' generally revealed, the system could be seriously undermined by hijackers fabricating an acceptable profile." Id. at 1086.

Conversely, where the defendant and public have been excluded for more than that portion of the proceeding which specifically deals with the hijacking profile or similar sensitive aviation security information, courts have invalidated the limitations. See, e.g., United States v. Ruiz-Estrella, 481 F.2d 723 (2d Cir. 1973) (reversing defendant's conviction because defendant was excluded for the entire suppression hearing, instead of only that portion involving the hijacking profile, and noting that "[e]ven assuming arguendo that denials of such fundamental rights as those to public trial and confrontation can

ever be deemed harmless, we are unable to so conclude in this case) (citations omitted); United States v. Clark, 475 F.2d 240, 246 (2d Cir. 1973) (noting that "[b]arring the public [and defendant] from the entire [suppression] hearing was likewise an error of constitutional magnitude" since "[w]ithout the justification of 'protection of the air traveling public' or other compelling reasons, there was no reason to deprive the accused of his right to a public trial") (citations omitted). Cf. also United States v. Yunis, 867 F.2d 617, 622 n.9 (D.C. Cir. 1989) (noting in footnote that, with respect to "evidence [which is] 'essential to a fair determination of the cause,'" "due process and the terms of CIPA Section 6(e)(2) might afford the defendant further relief; even possibly dismissal"); United States v. Smith, 780 F.2d 1102 (4th Cir. 1985) (adopting Roviaro balancing test, under specific circumstances presented, to weigh government's interest in nondisclosure of classified information against defendant's right to present his defense); United States v. Rezaq, 899 F. Supp. 697, 708 (D.D.C. 1995) (noting that the "legitimate government privilege protect[ing] national security concerns" "cannot override the defendant's right to a fair and expeditious trial").

Under these decisions, Reid's constitutional rights will not be violated by non-disclosure to him of SSI under the proposed Protective Order sought here.  His counsel has received or will

receive the SSI in discovery for purposes of representing Reid's interests.  Likewise, they will be able to share the SSI with retained expert witnesses and consult with prospective expert witnesses engaged in the preparation of Reid's defense in this case regarding any issues relevant to the case.  Moreover, they will be able to consult with their client, Reid himself, about any issues in the case, provided that they do not communicate the substance or content of the SSI to Reid.  The proposed Protective Order specifically permits the parties to move the Court for modifications, as necessary.

As a result of these concerns, the government seeks such relief as will enable it to comply with its discovery obligations, while ensuring appropriate protection for SSI. Accordingly, the government respectfully requests that this Court issue a Protective Order in the form attached hereto.

### B.  Classified Information

As previously stated, the government has produced materials identified as Bates 00895-00950, 00970 and 00974 which have been classified by TSA.  Although defense counsel has returned some copies of these documents and has indicated that they will return other copies of these documents to the government, the Court should issue a Protective Order preventing defense counsel from sharing the content or substance of this classified information

-10-

with any person, including without limitation Reid, until such time as they may lawfully do so.

The rationale set forth in Part II.A <u>supra</u> justifies the further proposed limitations on defense counsel's use and dissemination of the classified material.  Because of the greater sensitivity of this information, to which defense counsel may not currently have lawful access, it may not be shared with Reid who will probably never be able to satisfy the eligibility requirements to obtain the security clearance necessary to view the protected information.  Defense counsel, once cleared, will be able to share the classified information, as permitted by law, with appropriately pre-cleared third parties engaged in the preparation of Reid's defense in this case.  Nothing in the proposed Protective Order prohibits defense counsel from consulting with Reid about any issues related to his defense in this case, provided that they do not disclose the substance or content of the materials and provided that they otherwise abide by the terms of the proposed Protective Order.

### REQUEST FOR ORAL ARGUMENT

Pursuant to D. Mass. L.R. 7.1(D), the government believes that oral argument may assist the Court and wishes to be heard at

an expedited hearing, on the earliest date convenient to the Court, if the Court finds such a hearing necessary and appropriate.

### III. CONCLUSION

WHEREFORE, the government respectfully requests that the Court schedule an expedited hearing on the government's Motion and issue a Protective Order in the form attached hereto.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
GERARD T. LEONE
Associate U.S. Attorney
TIMOTHY Q. FEELEY
COLIN OWYANG
Assistant U.S. Attorneys

CARLA J. MARTIN
Trial Attorney
Office of the Chief Counsel
Transportation Security
    Administration

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for defendant Richard Colvin Reid, Owen Walker and Tamar Birckhead, Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210 on June 21, 2002 by first-class mail.

_____
Colin Owyang
Assistant U.S. Attorney

```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )   CRIM. NO.  02-10013-WGY
                                   )
         vs.                       )
                                   )
RICHARD COLVIN REID,               )
a/k/a ABDUL-RAHEEM,                )
a/k/a ABDUL RAHEEM, ABU IBRAHIM    )
                                   )
                       Defendant.  )
```

## PROTECTIVE ORDER FOR SENSITIVE SECURITY AND CLASSIFIED INFORMATION

This matter having come before the Court on the government's Motion pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a Protective Order prohibiting the disclosure to defendant of Sensitive Security Information ("SSI") regarding aviation, and after consideration of the Government's Motion and defendant's opposition, this Court finds, pursuant to Fed. R. Crim. P. 16(d)(1), that:

Among the materials which the government has produced or will produce in discovery in this case are certain materials within the category of Sensitive Security Information as defined by statute, 49 U.S.C. § 40119(b), and regulation, 49 C.F.R. part 1520 et seq..

Unauthorized disclosure of these SSI materials would be detrimental to the safety of passengers in air transportation, and in particular, that disclosure of these materials to defendant personally in this case could unacceptably increase the

risk to the traveling public, in that certain of these documents contain information on security counter-measures which might assist a potential hijacker or terrorist in circumventing aviation security procedures intended to protect the traveling public.  There remains the risk that, despite the security measures presently in place, if defendant were allowed access to these materials, he could disseminate the information to others intent on attacking civil aviation.

Also among the materials which the government has produced in discovery are certain classified materials, access to which neither defendant nor defense counsel is lawfully entitled at present.

WHEREFORE, it is hereby ORDERED that:

(1) Defense counsel may not disclose any material, its substance or content, produced by the government that is visibly marked and designated Sensitive Security Information (or SSI), to defendant Reid in any form, whether oral or written or otherwise, or any portion or summary thereof;

(2) Defense counsel may consult with defendant Reid or prospective expert witnesses engaged in the preparation of Reid's defense in this case regarding any issues which arise in this case, provided that such consultation is solely for the preparation of Reid's defense in this case, provided that defense counsel not disclose any portion of the substance or content of

SSI in these communications, and provided that defense counsel otherwise comply with the provisions of this Protective Order;

(3) Defense counsel may disclose or discuss any SSI with third persons retained as expert witnesses under Fed. R. Crim. P. 16 and engaged in the preparation of Reid's defense in this case, provided that those disclosures or discussions are solely for that purpose, and provided that defense counsel inform such third parties not to disclose or discuss any SSI with any other persons;

(4) Such retained expert witnesses as referenced in (3) shall not, without prior permission from this Court, disclose to any other persons or entities such SSI as they obtain in any fashion from defense counsel in this case;

(5) Any papers filed with the Court involving, discussing, attaching, including or referring to the contents of, any SSI material shall be filed under seal and shall not be served on or otherwise disclosed to defendant Reid personally;

(6) Defense counsel must give advance notice to the government and the Court of any intention to use SSI material at trial or in any hearing or other proceeding.  Such notice must be given sufficiently in advance of any such contemplated use as to permit sealed briefing and <u>in camera</u> argument, as may be necessary, without the presence of the defendant Reid personally, to address the admissibility or use of any such information and

-3-

such security measures as may be necessary. Defense counsel shall not otherwise use or disclose any SSI material, its substance or content at trial or in any hearing or other proceeding without further order of the Court;

(7) Defense counsel and retained expert witnesses identified in (3) shall return to the government, at the conclusion of this case, all copies of all SSI produced in connection with this case; and

(8) Defense counsel shall not disclose or discuss information contained in classified materials, their substance or content to or with any third parties under any circumstances, including without limitation defendant Reid.

Nothing in this Protective Order shall prevent defense counsel from seeking review or modification of any provision of this Order, as circumstances may warrant.

SO ORDERED
This __ day of _____, 2002.

_____
WILLIAM G. YOUNG
Chief United States District Judge
District of Massachusetts