UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD C. REID<br><br>    Defendant. | Case No. 02-CR-10013-WGY |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S
"MOVEMENT TO DECLARE BANKRUPTCY"**

The United States submits this Response to the "Movement to Declare Bankruptcy" filed by defendant Richard C. Reid (the "Defendant"). (Doc. No. 234). The Defendant's filing appears to be an attempt to file a bankruptcy petition seeking relief under Title 11 of the United States Code, coupled with a request to vacate the fine imposed against him in the above-captioned criminal case. *See* 11 U.S.C. § 301(a) ("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition"). In this District, pursuant to Local Rule 201, individuals file bankruptcy petitions with the Bankruptcy Court for the District of Massachusetts, not with the United States District Court for the District of Massachusetts. *See* Local Rule 201 ("any and all cases arising under Title 11 … shall be referred to the judges of the bankruptcy code for the District of Massachusetts"). Accordingly, the Defendant's request should be denied because he has not filed it with the correct court, and there is no basis for the District Court to withdraw the reference of this potential bankruptcy case from the jurisdiction of the Bankruptcy Court for the District of Massachusetts. Further, there is no basis to vacate the fine imposed against the Defendant in his criminal case, as it is a nondischargeable debt in any

bankruptcy proceeding.  *See* 11 U.S.C. §§ 523(a)(7), (a)(13), (a)(19)(B)(iii); 727(b); 1141(d)(2), 1328(a)(3).  In addition, there is no basis to modify the fine under 18 U.S.C. § 3572(d)(3) or 18 U.S.C. § 3664(k), as more fully discussed in the United States' Response to Defendant's "Movement to Stay Offset," also filed on December 16, 2016.

**I.**     **BACKGROUND.**

On January 30, 2003, the United States District Court for the District of Massachusetts entered Judgment in a Criminal Case (the "Judgment") against the Defendant for his violations of Attempted Use of Weapon of Mass Destruction pursuant to 18 U.S.C. § 2332(a)(a)(1) (Count One), Attempted Homicide pursuant to 18 U.S.C. § 2332(b)(1) (Count Two), Placing Explosive Device on Aircraft pursuant to 29 U.S.C. § 46505(b)(3) (Count Three), Attempted Murder pursuant to 49 U.S.C. § 46506(1) (Count Four), Interference with Flight Crew and Attendants pursuant to 49 U.S.C. § 46504 (Counts Five and Six), Attempted Destruction of Aircraft pursuant to 18 U.S.C. § 32(a)(a)(7) (Count Seven), and Using Destructive Device During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c) (Count Eight). (Doc. No. 188).

The Judgment ordered that the Defendant be committed to the custody of the United States Bureau of Prisons for a term of life in prison on Counts One, Five and Six (concurrent), 20 years in prison on Counts Two through Four and Seven (consecutive one to the other and concurrent to the sentence on Counts One, Five and Six), and 30 years in prison on Count Eight, from and after the sentence on Counts One through Seven. The Judgment also imposed supervised release for a term of 60 months following the Defendant's release from custody. (Doc. No. 188).  The Judgment further ordered that the Defendant pay an assessment of $800, a fine of $250,000, and victim restitution in the amount of $6,082.17 (Doc. No. 188).  According

to the "Schedule of Payments" section located on page 6 of the Judgment, a lump sum payment of $256,882.17 was due immediately. As of today, the total outstanding balance is $256,082.17.

On November 15, 2016, in this criminal case, the Defendant filed a document titled "Movement to Declare Bankruptcy" (the "Motion"). (Doc. No. 234). In the Motion, the Defendant requested "[t]hat a declaration of bankruptcy be entered in my favor and that this fine be vacated in keeping with that." (Doc. No. 234).

The Motion should be denied based on the Defendant's failure to comply with Local Rule 201, specifically, not filing his request for bankruptcy relief with the appropriate bankruptcy court. Further, the Defendant's motion should be denied because there is no basis to vacate the fine imposed against him in this criminal case.

## II. THE DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT FILED A PROPER BANKRUPTCY PETITION WITH THE BANKRUPTCY COURT

Although federal district courts have original and exclusive jurisdiction over all cases under Title 11 of the United States Code, 28 U.S.C. § 1334, such courts may refer any or all bankruptcy cases to that district's bankruptcy courts. 28 U.S.C. § 157(a). The District Court for the District of Massachusetts has elected to have all bankruptcy cases automatically referred to the bankruptcy court for the District of Massachusetts. Specifically, Local Rule 201 provides:

> Pursuant to 28 U.S.C. § 157(a), any and all cases arising under Title 11 [of the] United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts.

Because the Defendant did not file his purported bankruptcy petition with the proper bankruptcy court, his Motion should be denied.[1]

---

[1] Further, it does not appear that the Defendant is even entitled to file a bankruptcy petition in this District. 28 U.S.C. § 1408 provides:

3

### III. THERE IS NO BASIS TO WITHDRAW THE REFERRAL SINCE THERE IS NO EVIDENCE THAT ANY BANKRUPTCY CASE WOULD REQUIRE CONSIDERATION OF OTHER FEDERAL LAWS REGULATING ACTIVITIES AFFECTING INTERSTATE COMMERCE

Although under certain circumstances this Court may withdraw the reference imposed by Local Rule 201, no such circumstances exist here. 28 U.S.C. 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The Defendant has shown no cause why the reference should be withdrawn. Indeed, no cause exists. Further, there is no reason to believe the Defendant's potential bankruptcy case would require this Court to consider any federal law regulating organizations or activities affecting interstate commerce, as provided in 28 U.S.C. 157(b). There is no evidence to suggest that any bankruptcy case filed by the Defendant would be anything other than a standard no-asset case filed under Chapter 7 of Title 11, presenting no special facts or issues. Because the Defendant

---

> …a case under title 11 may be commenced in the district court for the district—
>
> (1)   in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district…

The Defendant, who is a citizen of England, not the United States, is currently serving a life sentence in Florence, Colorado. The Defendant does not appear to have had any "domicile, residence, principal place of business…, or principal assets…" in this District for any period of time.

4

has not demonstrated any reason for withdrawing the reference imposed by Local Rule 201, the Court should not withdraw such reference.

## IV. THE DEFENDANT'S CRIMINAL FINES AND RESTITUTION LIABILITIES ARE NONDISCHARGEABLE IN BANKRUPTCY AND THERE IS NO BASIS TO VACATE OR MODIFY THEM

Title 11 of the United States Code provides several chapters under which debtors may file for bankruptcy relief. *See* 11 U.S.C. §§ 101, *et seq.* The Defendant's obligations on his criminal fine and restitution, however, are nondischargeable under all chapters.

Any discharge obtained in a Chapter 7 case does not discharge obligations to pay criminal fines or restitution. 11 U.S.C. §§ 727(b); 523(a)(7), (a)(13), and (a)(19)(B)(iii). Such debts also are nondischargeable in Chapter 13 cases. 11 U.S.C. §§ 1328(a)(3). And the same result in Chapter 11 cases. 11 U.S.C. §§ 1141(d)(2), 523(a)(7), (a)(13), and (a)(19)(B)(iii). Accordingly, the Defendant's criminal fines and restitution liabilities are nondischargeable in bankruptcy.

In addition, for the reasons stated in the government's Response in Opposition to the Defendant's related motion, the "Movement to Stay Offset" (Doc. No. 233), his request to vacate his criminal fine should be denied because he has failed to show any material change in economic circumstances since the penalties were imposed.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Court enter an order denying the Defendant's Motion

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

CARMEN M. ORTIZ
United States Attorney

Dated: December 16, 2016      By:   /s/ Brendan T. Mockler
                                    BRENDAN T. MOCKLER
                                    Assistant United States Attorney
                                    Bar Admission Number 4549382 (NY)
                                    One Courthouse Way, Suite 9200
                                    Boston, MA 02210
                                    (617) 748-3197
                                    brendan.mockler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true copy of the above document was filed through the ECF system and electronically served on any registered participants and a paper copy was served by mail upon the Defendant, Richard C. Reid.

Dated: December 16, 2016      By:   /s/ Brendan T. Mockler
                                    BRENDAN T. MOCKLER